56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
TECHNO ENGINEERING & CONSTRUCTION, LTD., Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GEORGOPAPADAKOS, Defendant-Appellant.
 Nos. 94-10374, 94-10375.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1995.
Decided May 18, 1995.
 
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Jury Instruction 6A correctly stated the law. The victims of mail fraud need not suffer an actual monetary loss. United States v. Dischner, 974 F.2d 1502, 1521 (9th Cir. 1992). It is enough that the government was deprived "'of control over how its money was spent,"' United States v. Doherty 867 F.2d 47, 60 (1st Cir. 1989) (quoting McNally v. United States, 483 U.S. 350, 360 (1987)), as occurred here. Because defendants received money directly from the parties they deceived (the federal, state and local governments), their reliance on United States v. Lew, 875 F.2d 219 (9th Cir. 1989), is wholly misplaced.
 
 
 3
 2. Jury Instruction 12 was substantially correct, except insofar as it stated that time spent off-site acquiring supplies is covered by the Davis-Bacon Act. See Ball, Ball & Brosamer, Inc. v. Reich, 34 F.3d 1447, 1452 (D.C. Cir. 1994). Any error in this regard, however, was harmless: Ample evidence supported the government's theory that defendants systematically underreported the amount of Davis-Bacon wages owed, and defendants in any event failed to document the number of hours their employees spent off-site engaged in non-Davis-Bacon activities, as required by 29 C.F.R. Sec. 5.5(a)(1)(i).
 
 
 4
 3. The district court's failure to give an instruction on Haw. Rev. Stat. Sec. 104 did not constitute "Gaudin error"; it didn't amount to taking an element of the offense away from the jury. See United States v. Gaudin, 28 F.3d 943, 951-52 (9th Cir. 1994) (en banc), cert. granted, 115 S. Ct. 713 (1995). Nor was failure to give the instruction plain error. Defendants haven't shown that the jury's verdict would have been different had it been properly instructed, nor have they shown that this error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano 113 S. Ct. 1770, 1776 (1993) (internal quotation marks omitted).
 
 
 5
 4. The district court properly made a "reasonable estimate" under U.S.S.G. Sec. 2F1.1 n.8 of the total loss incurred. Though the exact number of Davis-Bacon hours involved couldn't be determined with precision, any inaccuracies in this regard were attributable to defendants' failure to keep records documenting the number of legitimate non-Davis-Bacon hours. We agree with the district court that the methodology used to calculate the loss was conservative, and the figure arrived at was supported by the evidence.
 
 
 6
 5. The district court did not clearly err in assessing a two-level enhancement against Georgopapadakos under U.S.S.G. Sec. 3B1.1. The court found that Major and Masukawa knowingly violated the law in following defendant's orders. In determining that Georgopapadakos was a supervisor under Sec. 3B1.1, the court also implicitly found that Major and Masukawa were "criminally responsible" for commission of the offense.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3